UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER W. KNIGHT,<br><br>                    Plaintiff,<br><br>         v.<br><br> DAVID J. BROWNE, Investigations Manager, Department of Licensing Board of Registration for Professional Engineers and Land Surveyors, ELIZABETH LUCE, Director of the Department of Licensing, CHRISTINE GREGOIRE, Governor of Washington, and BRUCE J. DOBBS, Professional Engineer,<br><br>                    Defendants. | No. C07-738MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

**Overview**

Plaintiff Roger Knight ("Knight") has filed this motion for a preliminary injunction against Defendants David Browne, Elizabeth Luce, Christine Gregoire, and Bruce Dobbs ("Defendants"). The motion seeks to enjoin Defendants from disciplining Knight as a result of Knight's alleged unauthorized practice of engineering, in violation of RCW 18.43. Upon review of the record (Dk. Nos. 4, 5, 6, 11, 12, 13) and the documents submitted by the parties, the Court DENIES Knight's motion. Knight has not made a sufficient showing that RCW 18.43 violates the freedom of speech clauses in either the United States Constitution or Washington Constitution.

ORDER - 1

## Background

Knight is currently employed as a legal assistant. He has earned a Bachelor of Science degree in Mechanical Engineering and had previously worked as an engineer at Boeing, but he never was registered as a Professional Engineer with the Washington Board of Registration for Professional Engineers and Land Surveyors ("the Board"). Under Washington law, individuals may not practice engineering unless they are registered as Professional Engineers with the Board. RCW 18.43.010. Practicing engineering includes holding oneself out as an engineer or performing any engineering service or consultation. See RCW 18.43.020.

In 2006 and 2007, Knight wrote two letters to the City of Kenmore, Washington regarding a proposed housing development. In these letters, Knight stated that he was an "engineer" who had "been retained by the neighbors to evaluate engineering proposal [sic] and to make suggestions that would improve the project." Knight's letters argued that the proposed development had dangerous engineering defects, mostly related to a proposed retaining berm of basalt boulders. The letters suggested alternative designs, such as a concrete retaining wall in lieu of the basalt berm.

On April 12, 2007, Professional Engineer Bruce Dodds filed a complaint with the Board, alleging that Knight's two letters constituted an unauthorized practice of engineering in violation of RCW 18.43. On April 26, 2007, the Board's Practice Committee reviewed Dodds' allegations and determined that they warranted an investigation. The Board's Investigations Manager, David Browne, contacted Knight and requested that he provide information to aid the Board in its investigation. In response, Knight filed suit in this Court, arguing that RCW 18.43 violated the free speech clauses in the United States Constitution and Washington Constitution by suppressing public comment on engineering matters. Simultaneously, Knight filed the present motion for a preliminary injunction.

## Discussion

ORDER - 2

1    To obtain a preliminary injunction, a plaintiff must show "either (1) a likelihood of success on
2 the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits
3 were raised and the balance of hardships tips sharply in [the plaintiff's] favor." Lands Council v.
4 Martin, 479 F.3d 636, 639 (9th Cir. 2007). Knight fails the first prong of this test under either
5 formulation. He cannot show a "likelihood of success" on his claim that RCW 18.43 is
6 unconstitutional, nor can he demonstrate that there are "serious questions" as to the statute's
7 constitutionality. "Serious questions are substantial, difficult and doubtful," Senate of State of Cal. v.
8 Mosbacher, 968 F.2d 974, 977 (9th Cir. 1992), but this Court has no difficulty concluding that RCW
9 18.43 is constitutional under the United States and Washington constitutions.

10   **A. RCW 18.43 does not violate the First Amendment to the United States Constitution.**

11   The First Amendment to the United States Constitution, incorporated against the states by the
12 Fourteenth Amendment, prohibits the government from "abridging the freedom of speech." U.S.
13 CONST. amend. I. Knight argues that RCW 18.43 violates the First Amendment by barring individuals
14 from commenting on engineering matters unless they are registered as Professional Engineers by the
15 Board. Specifically, he argues that RCW 18.43 violates the First Amendment both facially and as
16 applied to his own conduct. In judging the constitutionality of RCW 18.43, this Court must first
17 consider Knight's as-applied argument. See Board of Trustees, State Univ. of N.Y. v. Fox, 492 U.S.
18 469, 484-85 (1989).

19   In a literal sense, RCW 18.43 *does* threaten to punish Knight for the "speech" he undertook in
20 writing his two letters to the City of Kenmore. Those letters identified Knight as an engineer who was
21 stating his project recommendations in an official capacity. Thus, the letters appear to qualify as
22 "practice of engineering" under RCW 18.43.020. Because Knight is not registered as a Professional
23 Engineer, it is a gross misdemeanor for him to practice engineering. See RCW 18.43.120. In short,
24 the letters Knight wrote may well subject him to misdemeanor criminal penalties.

25

ORDER - 3

1       However, the Supreme Court has cautioned that "the State does not lose its power to regulate
2  commercial activity deemed harmful to the public whenever speech is a component of that activity."
3  Ohralik v. Ohio State Bar Ass'n, 436 U.S. 447, 456 (1978).  Thus, the Board may regulate the
4  practice of engineering and punish those who practice it unlawfully, even if the practice of engineering
5  has a "speech" component as Knight's letters did.

6       National Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology, 228 F.3d
7  1043 (9th Cir. 2000) is instructive in this regard.  This case upheld – against First Amendment
8  challenge –  a California licensing statute which prohibited unlicensed individuals from engaging in
9  psychoanalysis.  The court recognized that psychoanalysis is "speech," but concluded that California
10 may nonetheless prevent non-licensed individuals from practicing this profession.  See id. at 1053-56.
11 Similarly, Washington may prevent non-licensed individuals from practicing engineering, even if those
12 individuals practice engineering through "speech" as Knight allegedly did.  In other words, if Knight
13 engaged in the unauthorized practice of engineering, his practice would not be protected merely
14 because he employed a traditional speech medium to accomplish the task.

15      Turning next to Knight's facial challenge, he may invalidate RCW 18.43 by showing that it is
16 substantially overbroad in relation to its legitimate scope.  See Broadrick v. Oklahoma, 413 U.S. 601,
17 615 (1973).  Knight's chief argument here is that RCW 18.43 could silence all debate on scientific and
18 technological topics, because any debate about these topics must involve some discussion of
19 engineering.

20      The Court disagrees that RCW 18.43 could create this chilling effect.  The statute merely
21 prohibits the unauthorized *practice* of engineering, not the unauthorized *discussion* of engineering.
22 Consistent with RCW 18.43, a layperson is perfectly free to comment on engineering matters.  He
23 simply is prohibited from representing himself as an engineer or performing the work of an engineer on
24 any engineering projects.  See RCW 18.43.020.  In light of RCW 14.83's limited focus on
25

ORDER - 4

unauthorized practice, the Court concludes that the statute is not substantially overbroad. Knight's facial challenge therefore must fail.

**B. RCW 18.43 does not violate Article 1, Section 5 of the Washington Constitution.**

Article 1, Section 5 of the Washington Constitution provides that "every person may freely speak, write and publish on all subjects, being responsible for the abuse of that right." WASH. CONST. art. I, § 5. When judging the constitutionality of licensing requirements under this provision, the Washington Supreme Court has followed the interpretive guidelines under the Federal Constitution. See National Federation of Retired Persons v. Insurance Comm'r, 838 P.2d 680, 689 (Wash. 1992). This Court will likewise follow its Federal analysis with respect to Knight's as-applied challenge, and hold that RCW 18.43 is valid under Article 1, § 5. See generally Sanders v. City of Seattle, 156 P.3d 874, 879 (Wash. 2007) ("when interpreting our state constitution, we have held that federal case law interpreting federal constitutional provisions is persuasive, though not binding, precedent").

Knight's facial challenge to RCW 18.43 deserves slightly more discussion. The Washington Supreme Court has held that a statute need not be *substantially* overbroad to lose a facial challenge under Article 1, § 5. Rather, *any* overbreadth is fatal. See O'Day v. King County, 749 P.2d 142, 146-47 (Wash. 1988). Thus, a facial challenge under Article 1, § 5 is easier to win than a facial challenge under the First Amendment, even if these provisions protect exactly the same types of speech.

However, Knight's facial challenge under Article 1, § 5 still must fail, for he has not demonstrated that RCW 18.43 will infringe on any protected speech. As discussed above, RCW 14.83 prohibits only the *practice* of engineering, and it defines that term restrictively enough such that discussion or debate about engineering appears to be wholly unregulated.

**C. Knight's motion for a preliminary injunction may be denied without a hearing.**

A motion for a preliminary injunction may be denied without an evidentiary hearing if the parties' papers do not disclose any disputed facts. See American Direct Marketing, Inc. v. Azad Intern., Inc., 783 F.Supp. 84, 91 (E.D.N.Y. 1992). Cf. Cobell v. Norton, 391 F.3d 251, 261 (D.C.

ORDER - 5

Cir. 2004) (holding that an evidentiary hearing is required if the opposing party raises a genuine issue of material fact). In this case, the parties do not dispute any relevant facts, and thus no evidentiary hearing is warranted. Moreover, neither party has requested oral argument on the *legal* question of whether RCW 18.43 is unconstitutional. Therefore, the Court will deny Knight's motion for a preliminary injunction without a hearing.

**Conclusion**

Knight has failed to show a likelihood of success on his claim that RCW 18.43 violates the United States Constitution or Washington Constitution. Similarly, he has not shown that there are serious questions as to the statute's constitutionality. Therefore, his motion for a preliminary injunction is DENIED.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: June 27, 2007.

                                        s/ Marsha J. Pechman
                                        Marsha J. Pechman
                                        United States District Judge