UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROGER W. KNIGHT,

               Plaintiff,

     v.

DAVID J. BROWNE, Investigations
Manager, Department of Licensing Board of
Registration for Professional Engineers and
Land Surveyors, ELIZABETH LUCE,
Director of the Department of Licensing,
CHRISTINE GREGOIRE, Governor of
Washington, and BRUCE J. DOBBS,
Professional Engineer,

               Defendants.

CASE NO. C07-0738MJP

ORDER GRANTING
DEFENDANTS' BROWNE,
LUCE, AND GREGOIRE'S
MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM

This matter comes before the Court on Defendants' motion to dismiss under Federal Rule of Civil Procedure 4, 12(b)(5), and 12(b)(6). (Dkt. No. 15.)   The Court, having reviewed the entire record, including Defendants' motion, Plaintiff's response, (Dkt. No. 22) and the Court's prior Order denying Plaintiff's motion for preliminary injunction (Dkt. No. 14), ORDERS as follows:

     (1)     The Court DENIES Defendants' motion to dismiss under Fed. R. Civ. P. 4;

     (2)     The Court DENIES Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(5);

     (3)     The Court GRANTS Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6);

     (4)     The Court GRANTS Plaintiff 10 calendar days to file an amended complaint from the date of this order.

ORDER GRANTING MOTION TO DISMISS - 1

**BACKGROUND**

As Plaintiff Roger W. Knight ("Knight") alleges in his complaint, he is employed as a legal assistant. (Dkt. No. 4, Compl. at 3.)  He has a Bachelor of Science degree in Mechanical Engineering, and previously worked as an engineer at Boeing. (Id. at 2.)  Knight is registered as an Engineer in Training with the Washington Board of Registration for Professional Engineers and Land Surveyors ("the Board"). (Knight Decl. at 3.)  Under Washington law, a person may not practice engineering unless he or she is registered as a Professional Engineer with the Board. RCW 18.43.010.  The statute states:

> In order to safeguard life, health, and property, and to promote the public welfare, any person in either public or private capacity practicing or offering to practice engineering or land surveying, shall hereafter be required to submit evidence that he is qualified so to practice and shall be registered as hereinafter provided; and it shall be unlawful for any person to practice or to offer to practice in this state, engineering or land surveying, as defined in the provisions of this chapter, or to use in connection with his name or otherwise assume, use, or advertise any title or description tending to convey the impression that he is a professional engineer or a land surveyor, unless such a person has been duly registered under the provisions of this chapter.

Id.  "Practicing engineering" includes holding oneself out as an engineer, or performing any engineering service or consultation. RCW 18.43.020.

In 2006 and 2007, Knight wrote two letters to the City of Kenmore, Washington, ("Kenmore Letters") regarding a proposed housing development. (Knight Decl. at 2, Ex. D.)  In these letters, Knight stated that he was an "Engineer" who had "been retained by the neighbors to evaluate engineering proposal [sic] and to make suggestions that would improve the project." (Id.) In the letters, Knight argued that the proposed development had dangerous engineering defects, mostly related to a proposed retaining berm of basalt boulders. (Id.)  The letters suggested alternative designs, such as a concrete retaining wall in lieu of the basalt berm. (Id.)

On April 12, 2007, Professional Engineer Bruce Dodds filed a complaint with the Board, alleging that Knight violated RCW 18.43 because the Kenmore Letters constituted the unauthorized practice of engineering. (Id.)  On April 26, 2007, the Board's Practice Committee reviewed Dodds' allegations and determined that they warranted an investigation. (Id. at Ex. A.) The Board's

ORDER GRANTING MOTION TO DISMISS - 2

Investigations Manager, David Browne, contacted Knight and requested that he provide information to aid the Board in its investigation. (Id.) Knight denied misrepresenting his credentials, and demanded a copy of Dodds' complaint. (Id. at Ex. B.) Browne sent Knight a copy of the complaint, (Id. at Ex. D) and requested a meeting in order to "clear the matter up." (Id. at Ex. C.)  In response, Knight filed suit in this Court against Browne, Dodds, Elizabeth Luce, the Director of the Department of Licensing, and Governor Christine Gregoire, arguing that RCW 18.43 violated the free speech clauses in the United States Constitution and Washington Constitution by suppressing public comment on engineering. (Dkt. No. 4.)  Simultaneously, Knight filed a declaration in support of his complaint, (Dkt. No. 5) and a motion for a preliminary injunction. (Dkt. No. 6.)

On June 27, 2007, the Court denied Knight's request for a preliminary injunction because Knight failed to show a likelihood of success on his claim. (Dkt. No. 14.)  The Court held that RCW 18.43 did not violate either the United States or Washington Constitutional guarantees of freedom of speech because the statute only regulates the unauthorized <u>practice</u> of engineering and not the unauthorized <u>discussion</u> of engineering.  (Id.)  The Court also denied Knight's motion to clarify.  (Dkt. No. 25.)

On June 28, 2007, Defendants Browne, Luce, and Gregoire brought this Motion to Dismiss. (Dkt. No. 15.)

## DISCUSSION

### I. Motion to Dismiss for Failure to State a Claim - Standard to be Applied

On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party." <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d 912, 923 (9th Cir. 2001).  Moreover, "pro se complaints are to be construed liberally." <u>Weilburg v. Shapiro</u>, 488 F.3d 1202, 1205 (9th Cir. 2007)(internal quotation marks and citations omitted). However, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." <u>Arpin</u>, 261 F.3d at 923.  The factual allegations "must be enough to raise a right of

relief above the speculative level [...] on the assumption that the all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

When request for 12(b)(6) relief is made, the court cannot consider material outside the complaint, such as facts presented in briefs, affidavits or discovery materials. McCalden v. Cal. Library Assoc., 955 F.2d 1214 (9th Cir. 1990). The court may consider, however, documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). The court may also consider any matter that is subject to judicial notice, such as public records. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

In this case, the Court considers Plaintiff Knight's complaint, along with his declaration and the attached exhibits, because those documents were filed contemporaneously with the complaint, were referred to in the complaint, no party disputes their authenticity, and they contain public records that are subject to judicial notice.

## II.   Section 1983 Civil Claim

### A.  Elements

Knight raises his free speech claims as a 42 U.S.C § 1983 action against certain state officials. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

To establish a § 1983 claim, Knight must show the following: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a "person" (4) acting under color of state law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

ORDER GRANTING MOTION TO DISMISS - 4

1   Defendants dispute two elements: (1) whether there has been a violation of a protected right, and (2)

2   whether Defendants are "persons."

3   **B. Defendants as "Persons" under § 1983**

4   Defendants argue that because Browne, Luce, and Gregoire are acting within their official

5   capacities they are not "persons" under § 1983.  A suit against a state official is typically interpreted as

6   a suit against the State, thus triggering the protections of sovereign immunity. Will v. Mich. Dep't of

7   State Police, 491 U.S. 58, 63 (1989).  However, an exception to this general rule has long been

8   recognized under Ex Parte Young and its progeny. Will, 491 U.S. at 71 n. 10 (citing Ex Parte Young,

9   209 U.S. 123, 159-160 (1908)).

10   Under Ex Parte Young, a suit seeking prospective equitable relief against a state official who

11   has engaged in a continuing violation of federal law is not deemed to be a suit against the State. In re

12   Ellett, 254 F.3d 1135, 1138 (9th Cir. 2001).  Because the State cannot authorize its officers to violate

13   federal law, such officers are "stripped of [their] official or representative character and [are] subjected

14   in [their] person to the consequences of [their] individual conduct." Id.

15   Knight is seeking prospective declaratory and injunctive relief. (Dkt No. 4 at 8.)  Therefore,

16   Knight's allegations fall within the Ex Parte Young exception, and are not barred by sovereign

17   immunity.

18   **C. RCW 18.43 Does Not Infringe Knight's Free Speech Rights**

19   Defendants argue that Knight has failed to allege a violation of his constitutional rights, and

20   that RCW 18.43 is constitutional under both the United States and Washington Constitutions.

21   Because the Washington Supreme Court follows the interpretive guidelines under the Federal

22   Constitution when judging the constitutionality of licensing requirements, the Court will follow the

23   Federal analysis with respect to Knight's claims. See Nat'l Fed'n of Retired Persons v. Ins. Comm'r, 120

24   Wn.2d 101 (Wash. 1992).  Knight argues that RCW 18.43 has an impermissible chilling effect on his

25   speech.  To establish that government action has infringed on a free speech right, a plaintiff does not

26   need not show that the government has directly interfered with the exercise of that right. See O'Keefe

ORDER GRANTING MOTION TO DISMISS - 5

v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996)(citing Laird v. Tatum, 408 U.S. 1, 11 (1972)). Unconstitutional restrictions may arise from the deterrent, or "chilling," effect of governmental action. Id.  To support this claim, Knight must show that (1) the government action is regulatory, proscriptive, or compulsory in nature, (2) he is or prospectively will be subject to the regulations, proscriptions, or compulsions that he is challenging, and (3) the government action has caused an injury or places Knight in immediate danger of sustaining a direct injury. Id.

RCW 18.43 is regulatory in nature, and Knight has been subjected to the statute through the Board's investigative actions.  Thus, the question here is whether the speech restriction has injured Knight or places him in immediate danger of sustaining a direct injury.  Knight argues that the chilling effect on the open debate of engineering caused by the fear of prosecution for the unlawful practice of engineering has injured his right of free speech.  However, "[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." Laird, 408 U.S. at 13-14.

Knight cannot show an injury because he has not stated a claim of specific present objective harm or a threat of specific future harm.  As the Court already decided in its order denying Knight's motion for preliminary injunction, RCW 18.43 does not violate either the First Amendment to the United States Constitution or Article 1, Section 5 of the Washington State Constitution. (Dkt. No. 14.) Plaintiff has not cited, and the court is not aware of any cases holding that a constitutional statute or regulation impermissibly chills speech.  Indeed, this case does not present a claim involving any regulation of speech. (Id.) RCW 18.43 prohibits the practice of engineering, and it defines that term restrictively enough such that discussion or debate about engineering is wholly unregulated. (Id.) Knight's allegation of the chilling effect of RCW 18.43 is purely subjective. Because he cannot show any objective or threatened future harm, Knight cannot sustain his free speech claims.

**D.  Other Issues**

Knight raises three other issues in his response.  First, Knight appears to be asking for reconsideration of the Order denying a preliminary injunction. (Dkt. No. 22 at 5.)  However, the Court

ORDER GRANTING MOTION TO DISMISS - 6

has already denied Knight's Motion for Clarification of the Order, (Dkt. No. 25) and the time has passed for a motion for reconsideration. <u>See</u> Local CR 7(4).  Knight also makes arguments regarding defamation and libel law, but no defamation or libel claims have been raised. (Dkt. No. 22 at 7-11.) These misplaced arguments appear to be further attempts to support his claim that RCW 18.43 is unconstitutional.  However, that issue has already been decided.  Finally, Knight claims that the Kenmore Letters deserve greater protection because they are political speech. (<u>Id.</u> at 11-12.)  But again, the Court has stated that Knight does not present a claim involving <u>any</u> regulation of speech.

**III.  Characterization of the Kenmore Letters**

Defendants also argue that the Board is the most appropriate body to decide whether the Kenmore Letters amount to the unlicenced practice of engineering.  They argue that the doctrine of primary jurisdiction requires the Court to grant its motion to dismiss.  This argument is misplaced.  The doctrine of primary jurisdiction is applicable whenever the enforcement of a claim subject to a specific regulatory scheme requires resolution of issues that are within the special competence of an administrative body. <u>Farley Transp. Co., Inc v. Santa Fe Trail Transp. Co.</u>, 778 F.2d 1365, 1370 (9th Cir. 1985)(citing <u>United States v. Western Pacific Railroad</u>, 352 U.S. 59, 63 (1956).  Before the Court is the issue of whether Knight can prove facts to support his claim that RCW 18.43 unconstitutionally infringes on his free speech rights, not whether the Kenmore Letters constitute the unlicenced practice of engineering.  Administrative agencies can not be expected to entertain constitutional issues. <u>See</u> <u>Pub. Util. Comm'n of Cal. v. United States</u>, 355 U.S. 534, 539 (1958).

The Board's resolution of whether the Kenmore Letters constitute the unlicenced practice of engineering will not resolve the constitutional issues presented by Knight.  Even if the Board decided not to take action against Knight, Knight's facial challenge would remain.

**IV.  Defective Service of Process**

Defendants also move to dismiss under Fed. R. Civ. P. 12(b)(5) for failure to properly serve the summons and complaint under Fed. R. Civ. P. 4(c)(2), which states that "[s]ervice may be effected by any person who is <u>not</u> a party[.]" (Emphasis added).  On June 8, 2007, Knight personally served the

ORDER GRANTING MOTION TO DISMISS - 7

summons and complaint on Assistant Attorney General John Nicholson. (Dkt. No. 10.)  However, on June 19, 2007, Knight cured this defect when a third party, Charles Eby, served the summons and complaint on Assistant Attorney General Anthony Pasinetti. (Dkt. No. 21.)  The June 19 service was timely under Fed. R. Civ. P. 4(m).  Because Knight cured the defective service, this issue does not provide a ground for dismissal under Fed. R. Civ. P. 4 or 12(b)(5).

**V.  Leave to Amend**

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg, 488 F.3d at 1205. The Court grants Knight leave to amend his complaint.  Any amended complaint must be filed within 10 calendar days of the date of this order.

**CONCLUSION**

Because RCW 18.43 is constitutional on its face and as-applied, Knight cannot show that he has suffered or will suffer an injury to his free speech rights caused by the statute or the Boards investigative actions.    For the above reasons, Defendants' motion to dismiss for failure to state a claim is GRANTED.  The other grounds for dismissal offered by Defendants lack merit.  The Court grants Plaintiff leave to file an amended complaint, provided that any amended complaint must be filed within 10 calendar days of the date of this order.


DATED:  October 2, 2007.


s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge